[613 NYS2d 214]

In the Matter of PIETRINA J. REDA, a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, June 13, 1994

## APPEARANCES OF COUNSEL

*Frank A. Finnerty, Jr.,* Syosset *(Nancy A. Bolger* of counsel), for petitioner.

*Jerome Karp, P. C.,* Brooklyn *(Mitchell K. Friedman* of counsel), for respondent.

## OPINION OF THE COURT

Per Curiam.

In this proceeding, the Special Referee sustained three charges of professional misconduct against the respondent. The petitioner moved to confirm the report of the Special Referee. The respondent has submitted an affirmation in which she admits her failings in not cooperating with the Grievance Committee and attributes those failings to psychological and emotional difficulties.

Charge One alleged that the respondent failed to cooperate with the petitioner Grievance Committee in its investigation of a complaint against the respondent by a complainant on behalf of her infant daughter. The respondent failed to respond to a letter dated January 7, 1993, sent to her by the petitioner, notifying her that a complaint had been filed against her and requesting her written response to the complaint within 15 days. In view of the respondent's failure to submit a response, the petitioner sent the respondent a second letter, dated February 3, 1993, via certified mail, return receipt requested, advising her that her failure to cooperate with the investigation of this matter could, in and of itself, constitute professional misconduct. The petitioner requested a response within 10 days. Although the postal receipt reflects delivery to the respondent's office on February 5, 1993, the respondent failed to reply. The Grievance Committee sent a third letter, dated February 22, 1993, via certified mail, return receipt requested, demanding an answer, together with an explanation for her failure to cooperate, within five days. The petitioner advised the respondent that should she fail to respond within five days, a motion for her suspension would follow.

The respondent appeared at the petitioner's office, pursuant

to a subpoena dated March 9, 1993, and requested time to retain counsel. The respondent failed to reply to a letter dated July 13, 1993, sent to her by the petitioner, via certified mail, return receipt requested, which acknowledged that she was no longer represented by her former attorney and which demanded her written response within 10 days. The petitioner further advised the respondent that should she fail to respond within 10 days, a motion for her suspension would follow.

For her steadfast refusal to cooperate, the respondent was charged with violating Code of Professional Responsibility DR 1-102 (A) (5) and (7) (now [8]).

Charge Two alleged that the respondent failed to communicate with a client concerning a legal matter entrusted to her. The respondent was retained by the complainant referred to in Charge One, on or about April 21, 1988, to represent her in a personal injury matter on behalf of her infant daughter, Candace Walker. The respondent has failed to communicate with her client concerning the status of the case in violation of DR 1-102 (A) (7) (now [8]).

Charge Three alleged that the respondent neglected the legal matter entrusted to her by the complainant on behalf of her infant daughter. The respondent's inaction was a violation of DR 1-102 (A) (7) (now [8]) and DR 6-101 (A) (3).

After reviewing all of the evidence adduced, including the respondent's admissions, we conclude that the Special Referee properly sustained all three charges. Accordingly, the petitioner's motion to confirm the Special Referee's report is granted.

In determining an appropriate measure of discipline to impose, we have taken into consideration the two prior Letters of Admonition issued by the petitioner, dated July 12, 1991, based upon the respondent's failure to cooperate and for neglecting legal matters entrusted to her. However, the respondent has since taken action with respect to the cases involved and has sought and obtained the professional help needed to overcome her inability to respond to the Grievance Committee. Under the circumstances, the respondent is reinstated to the practice of law and is censured for her professional misconduct.

MANGANO, P. J., THOMPSON, SULLIVAN, BALLETTA and LAWRENCE, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that the respondent is reinstated to the practice of law and is hereby censured for her professional misconduct; and it is further,

Ordered that, effective immediately, the respondent is reinstated to the practice of law.